Affirmed.

## In re WOOD.
### No. 2722.

Court of Customs and Patent Appeals.
April 29, 1931.

Southgate, Fay & Hawley, of New York City (Albert E. Fay, of New York City, and Chas. E. Riordon and C. Russell Riordon, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C.. of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States

Patent Office affirming the decision of the primary examiner denying claims 3, 7, 8, and 13 in appellant's application for a patent for an alleged invention relating to a method and an apparatus for accurately shaping printing plates. The object of the alleged invention, as stated in appellant's specification, is to provide a method and a means for forcing low spots on the printing plate against an accurately shaped surface so that the printing surfaces of the plate will be uniform.

Claims 3, 8, and 13 are illustrative. They read:

3. The method of shaping printing plates which consists in applying pressure to the back of the plate at a series of points along it to force all thin areas of the plate against a surface on the front side and plowing through the backs of the thick parts of the plate so that the entire front surface of the plate will conform accurately and uniformly to the desired shape."

"8. The method of shaping printing plates which consists in holding a plate against a surface of the desired shape, passing along the grooves in the rear surface of the plate a solid body having a longitudinally convex but laterally tapering edge for the purpose of forcing thin spots in the grooves on the plate back against the said surface and bringing the grooves to a uniform shape."

"13. In an apparatus for shaping a stereotype plate, the combination of a surface of the shape which is desired for the printing surface of the plate, and a series of cutters extending across the plate under it and having tapering edges engaging the rear of the plate and capable of forcing the plate back against said surface or of plowing through the plate where they encounter thick portions or projections on the plate."

The references are:

Wood, 1,009,209, November 21, 1911.

Wood, 1,269,239, June 11, 1918.

Wood, 1,009,206, November 21, 1911.

It is claimed by appellant that the involved claims define patentable improvements over the references.

The primary examiner held that the "ears 525" of the reference No. 1,009,209 are used to force the printing plate "against backing arch and if a thick spot in plate presented

itself, they would plow through it and still further force the plate against backing. The patent No. 1,269,239 states clearly that the knife in that construction forces plate to conform to arch backing and if such a knife with ears 525 attached were used, it is fair to assume that the action would be more complete and in case of a thick spot in the metal, these fingers would plow through and force plate still more firmly against backing."

With reference to the method of passing along the rear surface of the printing plate a solid body having a tapering edge of a character that will not cut into a chilled plate, as defined in claim 7, the primary examiner said: "The patent #1,009,209 shows such solid body in ears 525 although not tapered, but it is considered that these ears will act to force thin parts of the plate back against surface and plow through thick spots leaving marks on bottom of the grooves the same distance from the front of plate as recited. The distinction over the reference seems structural and slight only."

Claim 8 relates to a method of holding a printing plate against a surface of the desired shape and passing a solid body having a longitudinally convex but laterally tapering edge along the grooves of the rear surface of the plate for the purpose of bringing the grooves to a uniform shape. With reference to this claim, the primary examiner held that the "ears 525" of patent No. 1,009,-209, although not having a tapered edge, conform substantially to the method set out in claim 7, and that the method was not patentably distinguishable over the reference.

An apparatus for carrying out the alleged improved method, defined in claim 13, was held by the primary examiner to be unpatentable over the reference No. 1,009,209.

The decision of the primary examiner holding the method and apparatus defined in the involved claims to be unpatentable over the references of record was affirmed by the Board of Appeals.

After careful consideration of the issues and the arguments of counsel for appellant, we have reached the conclusion that the tribunals of the Patent Office were not in error in rejecting the involved claims.

The decision of the Board of Appeals is affirmed.

Affirmed.